UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DETRINE HUDSON, # 09758-043**                                                                      **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 3:13cv1079-CWR-FKB**

**STATE OF MISSISSIPPI, MISSISSIPPI
DRUG TASK FORCE, UNITED STATES,
DRUG ENFORCEMENT AGENCY,
UNITED STATES ATTORNEY, UNITED
STATES CONGRESS, ERIC HOLDER, and
BARACK OBAMA**                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Detrine Hudson is incarcerated with the Federal Bureau of Prisons, and he brings this action for damages challenging his drug conviction. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

In the United States District Court for the Southern District of Mississippi, Hudson pled guilty to possession of crack with intent to distribute. *United States v. Hudson*, No. 4:09cr18-DPJ-LRA (S.D. Miss. Dec. 29, 2009). On July 14, 2010, he was sentenced to serve seventy-five months in the custody of the Bureau of Prisons, followed by five years of supervised release. *Hudson*, No. 4:09cr18-DPJ-LRA (S.D. Miss. July 14, 2010).

On November 7, 2013, Hudson filed the instant action challenging his drug conviction. He contends that (1) the indictment was based on false information, (2) the State and federal Defendants conspired to bring the wrongful charge against him, (3) the conduct for which he was convicted was

not a crime, and (4) the federal government had no right to criminalize that conduct. He also claims that he was denied (5) a speedy and public trial, (6) a state of Mississippi jury, (7) notice of the charge, (8) effective assistance of counsel, and (9) his plea was involuntary. He seeks compensatory and punitive damages under federal and state law.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Hudson to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This rule applies

to a federal, as well as a state, conviction. *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994). In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Hudson claims the charge was false and it was not a crime. He also maintains that he was convicted without jurisdiction, a speedy and public trial, a jury, notice, effective assistance of counsel, and based on an involuntary plea. Success on these claims would necessarily invalidate his federal court drug conviction. These claims may only proceed if he proves the conviction has already been invalidated. He failed to respond to the Court's inquiries regarding whether his conviction still stands. The Court takes judicial notice, however, that Hudson's conviction in cause number 4:09cr18 has not been invalidated.

Because the conviction has not yet been invalidated, Hudson is precluded by *Heck* from challenging it in this civil action. This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has the federal conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim, until such time as *pro se* Plaintiff Detrine Hudson successfully has his federal conviction invalidated, via appeal, post conviction relief,

habeas, or otherwise.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE